FILED
 2013 May-30 PM 04:35
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHELBY COUNTY, ALABAMA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:12-cv-00058-JEO |
| WILLIAM T. OWENS; HEALTHSOUTH CORPORATION; EQUIVEST FINANCIAL, LLC; UNITED STATES OF AMERICA; NORTH SHELBY LIBRARY; and HIGHLAND LAKES RESIDENTIAL ASSOCIATION, INC., | ) |
| Defendants. | ) |

## **MEMORANDUM OF OPINION**

In this interpleader action removed from Alabama state court, plaintiff Shelby County, Alabama (the "County") seeks a determination of the respective interests of the United States, and several other parties to $279,000, representing the excess funds from a tax sale of real property owned by Defendant William T. Owens. On January 15, 2013, the United States filed a motion for partial summary judgment, seeking to establish priority over the County, Owens, and Defendants HealthSouth Corporation ("HealthSouth") and the North Shelby Library (the "Library"). (Doc.[1] 35). On April 16, 2013, the magistrate judge entered a report recommending that the United States's motion be granted. (Doc.

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet.

39). No objections were filed. Since the expiration of the objection period, the United States and the two other Defendants, Equivest Financial, LLC ("Equivest") and Highland Lakes Residential Association ("Highland Lakes"), have filed a joint motion to direct the clerk of the court to distribute the interpled funds. (Doc. 40). Pursuant to that joint motion, Equivest states that it will withdraw its claim to the funds, while Highland Lakes would be entitled to recover $5,000 from the funds while the the United States would be entitled to the entire balance, including any accrued interest. (*Id.*) No opposition has been filed to that motion, either.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court is of the opinion that the magistrate judge's report (Doc. 39) is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. Accordingly, the United States's motion for partial summary judgment (Doc. 35) is due to be GRANTED.

Likewise, the Court concludes that the joint motion filed by the United States, Equivest, and Highland Lakes seeking an order directing disbursement of the funds (Doc. 40) is also due to be GRANTED, except to the extent that the motion fails to acknowledge the court's right to retain an administration fee for handling the registry funds. *See* 28 U.S.C. § 1914; Judicial Conf. Sched. of Fees, Dist. Court Misc. Fee Sched. ¶ 12; Registry Fund Fees–Item 13, 56 Fed. Reg. 56,356 (Nov. 4, 1991). An appropriate final judgment will be entered.

Done this <u>30th</u> day of <u>May 2013</u>.

                                               _____
                                                      L. SCOTT COOGLER
                                     UNITED STATES DISTRICT JUDGE
                                                                                       [160704]